LARKIN DEAVER *v.* GEORGE BEDFORD and another.

The consignees of a vessel, who receive goods belonging to a third person residing in another place, and re-ship them by a steamer to him, will not be responsible for any loss resulting from a fortuitous event, as the snagging of the steamer, where compensation is claimed only on the ground, that the goods should have been re-shipped sooner, and not for the omission to insure.

The consignees of a vessel are entitled to take charge of goods shipped by her, on which they have a lien for freight, drayage, and the expenses of storing. The best means of notifying the owner, is by advertising them.

APPEAL from the Parish Court of New Orleans, *Maurian, J.*

*Durell,* for the appellant.

*Lockett* and *Micou,* for the defendants.

MARTIN, J. The defendants, as consignees of a ship which arrived at New Orleans, received goods which had been shipped for the plaintiff, who resides at St. Louis, and sent them to him by a boat from that town, the master of which stated, that he was requested to bring such goods as might be in New Orleans for the plaintiff. The boat was lost on the way; and the present suit was brought for the value of the goods, on the ground, that the defendants, as *negotiorum gestores,* had been guilty of a gross neglect in keeping the goods a long time, without apprising the plaintiff of their arrival. There was a judgment for the defendants, and the plaintiff appealed.

It does not appear to us, that the court erred. The loss of the goods was in consequence of a fortuitous event—the loss of the boat by its running on a snag. This was not attributable to any neglect of the defendants, in not sending the goods sooner, for the risk of the voyage must have been the same on an earlier one. Damages are not claimed for the neglect to make insurance, for the word insurance is not to be found in the whole record, nor appears to have been uttered below. Had such a claim been made, the plaintiff ought to have accompanied it with some evidence of the usage of commerce in New Orleans, as to goods sent up the river by steamboats. But there is not a tittle of evidence on that head. As the neglect to insure was not urged, it

would have been improper in the inferior Judge to have considered it. On the arrival of the goods in New Orleans, the defendants, though they were not the consignees of them, correctly took them, as consignees of the ship, as the consignor of her had a claim for the freight which his consignees were bound to enforce. The charge which they took of them, occasioned costs of drayage, storage, &c., which were superadded to the freight, and formed a lien on the goods. The defendants took the best means they could, to inform any friend the plaintiff might have had in New Orleans, of the arrival of the goods, by advertising them. They do not appear to have had any proper opportunity to part with the goods, till that which was offered by the master of the boat, by which they sent them. It is in evidence, that the plaintiff had desired the latter to bring up any goods of his which might be in New Orleans.

*Judgment affirmed.*